```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                         :
In re                                    :
                                         :
BROADWALL AMERICA, INC.,                 :
                                         :
            Debtor.                      :
                                         :
-----------------------------------------X   05 Civ. 873 (DLC)
                                         :
BRAM WILL EL LLC and WILLIAM MUSCHEL     :
LLC,                                     :
                                         :
            Appellants,                  :
                                         :
      -v-                                :
                                         :
BROADWALL AMERICA, INC.,                 :
                                         :
            Appellee.                    :
                                         :   OPINION & ORDER
-----------------------------------------X
                                         :
In re                                    :
                                         :
BROADWALL AMERICA, INC.,                 :
                                         :
            Debtor.                      :
                                         :
-----------------------------------------X   05 Civ. 909 (DLC)
                                         :
BRAM WILL EL LLC and WILLIAM MUSCHEL     :
LLC,                                     :
                                         :
            Appellants,                  :
                                         :
      -v-                                :
                                         :
BROADWALL AMERICA, INC.,                 :
                                         :
            Appellee.                    :
                                         :
-----------------------------------------X
                                         :
In re                                    :
                                         :
BROADWALL AMERICA, INC.,                 :
                                         :
            Debtor.                      :
                                         :
-----------------------------------------X   05 Civ. 910 (DLC)
                                         :
```

```
BRAM WILL EL LLC and WILLIAM MUSCHEL    :
LLC,                                    :
                                        :
            Appellants,                 :
                                        :
        -v-                             :
                                        :
BROADWALL AMERICA, INC.,                :
                                        :
            Appellee.                   :
                                        :
----------------------------------------X
```

Appearances:

For Appellants Bram Will El LLC and
William Muschel LLC:

Mark A. Frankel
Backenroth Frankel & Krinsky, LLP
489 Fifth Avenue
New York, NY 10017


For Appellee Broadwall America, Inc.:
Jeffrey Miller
Westerman Ball Ederer Miller &
Sharfstein, LLP
170 Old Country Road, Suite 400
Mineola, New York 11501

DENISE COTE, District Judge:

    Bram Will El LLC and William Muschel LLC ("Owners") own properties in New York City that are the subject of a disputed real estate contract entered into with Broadwall America, Inc. ("Broadwall"). In June 2004, Broadwall voluntarily filed for bankruptcy. In January 2005, its plan of reorganization was approved and Broadwall emerged from bankruptcy. The Owners appeal three orders entered by the bankruptcy court during Broadwall's bankruptcy. For the reasons that follow, all three appeals are denied as moot.

2

## Background

The following facts are drawn from the bankruptcy court record designated by the parties. The dispute between the Owners and Broadwall is lengthy and need only be summarized for the purposes of this appeal. In August 2002, Owners and Broadwall entered into a contract ("Contract") for the sale of two properties for $13 million. The Contract provided for an initial payment of $50,000.00 followed by a thirty-day period in which Broadwall could conduct due diligence on the property. At the end of the thirty-day period, Broadwall could either cancel the Contract or pay an additional $600,000.00 ("Second Payment") and proceed with the sale.

Issues arose between the Owners and Broadwall during the due diligence period. As a result of those issues, the date that the Second Payment was due was extended, first by agreement and then through litigation in New York state court, where Broadwall brought suit both for an extension of the due diligence period and a reduction of the purchase price due to alleged misrepresentations by the Owners. On September 30, 2003, the Appellate Division issued a bench opinion denying an application by Broadwall to further extend the due diligence period. On October 1, 2003, Broadwall made the $600,000.00 payment due under the contract, which was rejected by the Owners. The parties dispute whether that payment was timely. Litigation continued in state court over the issue of the purchase price. On May 20, 2004, the First Appellate Division issued an opinion stating that

3

Broadwall was not entitled to a reduction of the purchase price. See Broadwell [sic] America, Inc. v. Bram Will El, LLC, 776 N.Y.S.2d 483, 483 (1st Dept. 2004).

On July 1, 2004, Broadwall filed a voluntary petition for bankruptcy under Chapter 11. Immediately after filing its petition, Broadwall moved to assume the Contract. In an order dated September 28, 2004, the bankruptcy court converted Broadwall's petition into an adversary proceeding. Broadwall's adversary complaint sought both a declaratory judgment that the Contract was still valid and an order allowing Broadwall to assume the Contract. On December 3, 2004, the bankruptcy court issued two separate orders: one granting a declaratory judgment that the Contract "is a valid and existing executory contract that has not been terminated" ("Declaratory Judgment Order") and one that granted Broadwall's motion to assume the Contract ("Assumption Order").

On October 19, 2004, the Owners moved to dismiss Broadwall's bankruptcy filing. On December 13, 2004, the motion to dismiss was denied by the bankruptcy court.

On January 12, 2005, a hearing was held on Broadwall's reorganization plan ("Plan") and it was confirmed by the bankruptcy court in an order dated January 20, 2005. Following the confirmation of the Plan, Broadwall returned to state court to pursue specific performance on the Contract. On November 23, 2005, Broadwall was granted summary judgment on its claim for specific performance. See Broadwall America, Inc. v. Bram Will-

4

El, LLC, No. 603383/02, 2005 WL 3691528 (N.Y. Sup.) (N.Y. Sup. Ct. Nov. 23, 2005). The Owners have appealed that decision.

On January 26, 2005, the Owners appealed the bankruptcy court's December 13 order denying their motion to dismiss. On January 27, 2005, they filed separate appeals of the Declaratory Judgment Order and the Assumption Order. This appeal was not fully briefed until January 24, 2006.

## Discussion

District courts are vested with appellate jurisdiction over bankruptcy court rulings pursuant to 28 U.S.C. § 158(a), and may "affirm, modify, or reverse a bankruptcy judge's judgment, order or decree." Fed R. Bankr. P. 8013. The bankruptcy court's findings of fact "shall not be set aside unless clearly erroneous," but a bankruptcy court's determination of the law is reviewed de novo. Id.; see In re AroChem Corp., 176 F.3d 610, 620 (2d Cir. 1999).

In bankruptcy cases "an appeal should be dismissed as moot when, even though effective relief could conceivably be fashioned, implementation of that relief would be inequitable." In re Metromedia Fiber Network, Inc., 416 F.3d 136, 143 (2d Cir. 2005) (citation omitted). Such a dismissal is based on the doctrine of equitable mootness, which is "a prudential doctrine that is invoked to avoid disturbing a reorganization plan once implemented." Id. at 144.

Once a plan of reorganization has been substantially

5

consummated there is a presumption that an appeal should be dismissed as moot. In re Chateaugay Corp., 94 F.3d 772, 776 (2d Cir. 1996). Factors considered in determining whether that presumption should be overcome are whether:

> 1) the court can still provide effective relief; 2) granting relief will not affect the re-emergence of the debtor as a revitalized corporate entity; 3) granting relief will not unravel the transactions that formed the basis of the plan of reorganization; 4) the parties that might be adversely affected by a grant of relief have received notice and an opportunity to be heard; and 5) the entity seeking relief has diligently pursued a stay of execution of the plan throughout the proceedings.

Id. (citation omitted). The Second Circuit has emphasized the fifth factor as particularly important in assessing equitable mootness:

> A chief consideration...is whether the appellant sought a stay of confirmation. If a stay was sought, we will provide relief if it is at all feasible, that is, unless relief would knock the props out from under the authorization for every transaction that has taken place and create an unmanageable, uncontrollable situation for the [b]ankruptcy [c]ourt. But if the appellant failed to seek a stay, we consider additionally whether that the failure renders relief inequitable. We insist that a party seek a stay even if it may seem highly unlikely that the bankruptcy court will issue one.

Metromedia, 416 F.3d at 144 (citation omitted).

Because Broadwall's plan of reorganization has been substantially consummated for over a year, there is a presumption that the Owners' appeals should be dismissed.[1] The Owners have

---

[1] "[A] plan is 'substantially consummated' upon [i] transfer of substantially all of the property proposed by the plan to be transferred; [ii] the reorganized debtor's assumption of the debtor's business; and [iii] commencement of distribution under the plan." Metromedia, 416 F.3d at 144 (citing to 11 U.S.C. §

6

failed to show that any of the five factors overcome that presumption. It is particularly notable that the appellants failed either to seek a stay in the bankruptcy court or to expedite their appeals in this Court. See id. Instead of endeavoring to have their appeals considered while meaningful and equitable relief could have been provided, the Owners chose to focus their energy on the state court litigation.[2] By choosing to put their effort into the state court litigation, the Owners lost the opportunity to take the steps necessary to overcome "the important public policy favoring orderly reorganization and settlement of debtor estates." Chateaugay, 94 F.3d at 775.

Conclusion

The doctrine of equitable mootness controls all three appeals. The appeals are dismissed as moot.

SO ORDERED:

Dated: New York, New York
June 20, 2006

_____
DENISE COTE
United States District Judge

---

1101(2)). Broadwall's reorganization plan called for all transfers and distributions and the assumption of debtor's business to take place either on or within thirty days of the "Effective Date" of the Plan, which was January 31, 2005.

[2] In their reply brief the Owners seek to delay this appeal even further by having the Court reserve judgment until after their appeal of the state court action has been decided.

7